IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19-CR-146** |
| vs. | |
| LARRY R. HARRIS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing 42).

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended

18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a

sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term
> of probation or supervised release with or without conditions that does not exceed
> the unserved portion of the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they are applicable, if it finds
> that—
>     (i)  extraordinary and compelling reasons warrant such a reduction;
>          . . . .
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Defendant has demonstrated that he originally sought compassionate release from the

warden of his facility of incarceration, Filing 42-1 at 2, administratively appealed the warden's

denial of his request, Filing 42-1 at 5, appealed the warden's denial of his administrative appeal

to the Bureau of Prison's ("BOP") regional director, Filing 42-1 at 7, and appealed the regional

director's denial of his appeal to the BOP central office. Filing 42-1 at 9. His last appeal to the

central office is not dated, and Defendant alleges "a decision is pending from the General

Counsel at the Central Office level." Filing 42 at 2. He asks the Court to "waive the exhaustion

requirement." Filing 42 at 3-7. The Court need not do so because, even assuming Defendant has

fully exhausted his administrative right to appeal, the Court declines to grant Defendant's

request for compassionate release.

Defendant was originally charged with enticement of a minor to engage in sexual

activity in violation of 18 U.S.C. § 2422(b), Filing 1, but instead pled guilty to a reduced charge

of use of interstate facilities to transmit information about a minor in violation of 18 U.S.C. §

2425 as part of his plea agreement. *See* Filing 27 at 1. Thus, he faced a reduced statutory penalty

range of up to five years of incarceration rather than a range of ten years to life. *Compare* 18

U.S.C. § 2425, *with* 18 U.S.C. § 2422(b). Defendant's United States Sentencing Guideline range

for incarceration was forty-six to fifty-seven months. Filing 35 at 1. On January 18, 2019, the

Court sentenced Defendant to a term of forty-six months' incarceration followed by five years

of supervised release. Filing 34 at 1-3. He now seeks release from custody after serving

approximately one year of his sentence due to the coronavirus pandemic's presence at his

facility of incarceration in conjunction with his "advanced age" of seventy-four years,

hypertension, "congestive heart failure, COPD, PTSD, anxiety and depression." Filing 42 at 1-

2, 15-17. He argues his health conditions make him "one of the most vulnerable populations to

experience serious health problems or death should he become seriously infected."[1] Filing 42 at 16.

Accepting all Defendant's factual allegations related to his health and COVID-19 as true and assuming without deciding that he has shown an extraordinary and compelling reason for his release from custody, the Court still denies his motion. A reduction of Defendant's sentence to time served would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public."

In particular, Defendant received a favorable plea deal that saved him from a potential mandatory-minimum sentence of ten years. Filing 27 at 1. Further, BOP determined that Defendant's "Public Safety Factor" was of "Greatest Severity." Filing 42-1 at 6. The Court is similarly concerned about public safety if it were to release Defendant given the conduct at issue. Defendant was clearly aware he was seeking sex from a fifteen-year-old despite knowing such conduct was unlawful. *See* Filing 36 at 6 (Revised Presentence Investigation Report detailing Defendant's statement that he knew it was wrong to pay a fifteen-year-old for sex). The Court will not release Defendant because doing so would be contrary to the factors outlined under 18 U.S.C. § 3553(a). Accordingly, Defendant's motion is denied.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 42) is denied.

---

[1] Defendant's BOP health records indicate he already contracted COVID-19 in December of 2020. Filing 42-1 at 110.

Dated this 11th day of February, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge